IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

FREDERICK DEWAYNE MALONE, §
(Tarrant No. 0699305) §
VS. § CIVIL ACTION NO.4:07-CV-741-Y
 §
 §
GEORGE GALLAGHER, et al. §

OPINION and ORDER OF DISMISSAL UNDER 28 U.S.C. §§
1915A(B)(1) and UNDER 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii)

This case is before the Court for review of pro-se inmate and plaintiff Frederick Dewayne Malone's case under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). Malone, an inmate at the Tarrant County jail, filed a form civil-rights complaint under 42 U.S.C. § 1983 naming as defendants Judge George Gallagher, and private attorneys J. Warren St. John and Daniel Young. (Compl. Style; § IV(B).) Malone alleges that Judge Gallagher failed to grant him release on a personal recognizance bond and that his two appointed attorneys have not argued on his behalf and filed motions on his behalf. (Compl. § V; attached "Statement of Claim".) Malone seeks to have new attorneys appointed, the issuance of a personal bond, and appointment of a new judge. (Compl. § VI.)

A complaint filed in forma pauperis that lacks an arguable basis in law should be dismissed under 28 U.S.C. § 1915.[1] Under 28 U.S.C. § 1915(e)(2)(B), a district court retains broad discretion

---

[1] *Neitzke v. Williams*, 490 U.S. 319,328 (1989). Section 28 U.S.C. § 1915(e) *requires* dismissal not only when an allegation of poverty is untrue or the action is frivolous or malicious, but also when "the action . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(A) and (B)(West 2006).

in determining at any time whether an in-forma-pauperis claim should be dismissed.[2] Furthermore, as a part of the PLRA, Congress enacted 28 U.S.C. § 1915A, which requires the Court to review a complaint from a prisoner seeking relief from a governmental entity or governmental officer or employee as soon as possible after docketing.[3] Consistent with § 1915A is prior case law recognizing that a district court is not required to await a responsive pleading to conduct its § 1915 inquiry.[4] Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal theory."[5] After review of the complaint under these standards, the Court concludes that Malone's claims must be dismissed.

In order to assert a claim for violation of federal constitutional rights under 42 U.S.C. § 1983, a plaintiff must set forth facts in support of both of its elements: (1) the deprivation of a right secured by the Constitution or laws of the United States; and (2) the deprivation was imposed by a person acting under color of law.[6] With regard to the attorney defendants, Malone has failed to satisfy the second element in the claims made the basis of this

---

[2] *See* 28 U.S.C.A. § 1915(e)(2)(West Supp. 2005); *Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996); *see also Wesson v. Oglesby,* 910 F.2d 278, 281 (5th Cir. 1990)(discussing authority to dismiss at any time under prior § 1915(d)).

[3] *See* 28 U.S.C.A. § 1915A(a)(West 2006).

[4] *See Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995).

[5] *Id., citing Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

[6] *See West v. Atkins,* 487 U.S. 42, 48 (1988)(citing cases); *Resident Council of Allen Parkway Village v. U.S. Department of Housing and Urban Development,* 980 F.2d 1043, 1050 (5th Cir.), *cert. denied,* 510 U.S. 820 (1993).

suit. Malone has failed to show that St. John and Young, private attorneys, acted under color of law. Because an attorney, whether private or appointed, owes his only duty to the client and not to the public or the state, his actions are not chargeable to the state.[7] Although a private individual can be said to act under color of law if he acts in a conspiracy with a state official, Malone has asserted no claim that the attorneys engaged in a conspiracy with state actors. As Malone has not shown that St. John or Young were acting under color of law, his claims for violation of his constitutional rights asserted through 42 U.S.C. § 1983 against them must be dismissed under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i) and (ii).

With regard to Malone's claims against Judge George Gallagher, judges are absolutely immune from claims for damages arising out of acts performed in the exercise of their judicial functions.[8] Absolute judicial immunity can be overcome only if the plaintiff shows that the complained-of actions were nonjudicial in nature or that the actions were taken in the complete absence of all jurisdiction.[9] Because the complained-of conduct by Judge Gallagher

---

[7] *See Thompson v. Aland*, 639 F.Supp. 724, 728 (N.D. Tex.1986), *citing Polk County v. Dodson*, 454 U.S. 312, 318 (1981); *see also Hudson v. Hughes,* 98 F.3d 868, 873 (5th Cir. 1996); *Pete v. Metcalfe*, 8 F.3d 214, 216-17 (5th Cir. 1993).

[8] *Mireless v. Waco*, 502 U.S. 9, 11 (1991), *citing Forrester v. White*, 484 U.S. 219, 227-229 (1988) and *Stump v. Sparkman*, 435 U.S. 349, 360 (1978); *see also*, *Boyd v. Biggers,* 31 F.3d 279, 284 (5th Cir. 1994).

[9] *Mireless*, 502 U.S. at 11; *Boyd*, 31 F.3d at 284.

was judicial in nature and was undertaken pursuant to the jurisdiction provided to the 396th Judicial District Court of Tarrant County, Texas, Judge Gallagher is entitled to absolute immunity from any monetary damages claims. As a result, all of Malone's claims against Judge Gallagher in an individual capacity will be dismissed pursuant to 28 U.S.C. § 1915A(b)(2) and alternatively pursuant to 28 U.S.C.§ 1915(e)(2)(B)(iii).

Further, to the extent Malone is seeking some type of injunctive relief against Judge Gallagher and his actions taken in state court, such relief is not appropriate in this suit. Section 1983 expressly provides "in any action brought against a judicial officer for an act or omission taken in such officer's official capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief is unavailable."[10] Furthermore, under the *Younger* abstention doctrine, a federal court should not interfere with ongoing state criminal proceedings except under extraordinary circumstances not shown here.[11] Abstention is required under the *Younger* doctrine when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional

---

[10] 42 U.S.C.A. § 1983 (West 2003).

[11] *Younger v. Harris*, 401 U.S. 37, 49-52 (1971); *see also Louisiana Deb. and Lit. Ass'n v. City of New Orleans,* 42 F.3d 1483, 1489-1490 (5th Cir.), *cert. denied,* 515 U.S. 1145 (1995).

challenges.[12] Thus, the Court concludes that Malone's claims under 42 U.S.C. § 1983 for injunctive-type relief against George Gallagher must be dismissed under authority of 28 U.S.C. § 1915A(1) and 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[13]

Therefore, Plaintiff's claims are DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915A(b)(1)and (2), and alternatively, pursuant to 28 U.S.C.§ 1915(e)(2)(B)(i), (ii), and (iii).

SIGNED January 15, 2008.

TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[12] *See Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *see also Louisiana Deb. and Lit*. Ass'n, 42 F.3d at 1490.

[13] *See generally Knight v. 24th Judicial Dist. Court Section A*, Civ. Action No. 06-4537, 2006 WL 4017837, at * 2-3 (E.D.La. October 17, 2006), *recommendation adopted* (December 5, 2006)("A criminal defendant prejudiced by misconduct of a presiding judge finds relief not by bringing a federal lawsuit pursuant to 42 U.S.C. § 1983, but rather by availing himself of state procedures for a change of venue or recusal of a judge, seeking review of any resulting conviction through direct appeal or post-conviction collateral review, and filing a petition for federal habeas corpus relief in appropriate circumstances"), *citing O'Shea v. Littleton*, 414 U.S. 488, 502 (1974).